UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ODELIN MONTAS,**
        Movant,

v.                                Case No. 15-24535-CIV-GAYLES/WHITE

**UNITED STATES OF AMERICA,**
        Respondent.
_____/

**UNITED STATES OF AMERICA,**

v.                                Case No. 14-20433-CR-GAYLES

**ODELIN MONTAS,**
        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report Re § 2255 with Pending Appeal ("Report") [ECF No. 5] entered on December 16, 2015. Movant Odelin Montas filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 9, 2015. [ECF No. 1] ("Motion"). The matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 63(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. The Report recommends that the Court dismiss the Motion without prejudice as to any issue not cognizable on appeal, except to the application of any federal procedural bar that may apply. *See* Report at 2. The Movant timely filed objections to the Report. [ECF No. 7] ("Objections").

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has undertaken a *de novo* review of the record, including the Report, the Objections, and the relevant legal authority. For the reasons that follow, the Court declines to adopt the Magistrate Judge's Report and instead stays this action pending disposition of the Movant's appeal before the Eleventh Circuit.

I.   BACKGROUND

On November 24, 2014, Odelin Montas, the Movant, after pleading guilty, was adjudicated by this Court guilty of the offense of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. Case No. 14-20433, ECF No. 109. He was sentenced to 78 months' imprisonment followed by 4 years of supervised release. *Id.* On May 20, 2015, the Court received a letter from Montas, in which he informed the Court that his trial counsel, Neal Randolph Lewis, had advised him on the date of his sentencing that he would visit him that week to discuss his sentence and appeal options. *Id.* However, Montas later learned that Lewis's license to practice law had been suspended due to an unrelated matter. *Id.*

As it turns out, on September 24, 2014—two months before Montas's sentencing—the Florida Supreme Court entered an order suspending Lewis from "the practice of law until further order of this Court." *Florida Bar v. Lewis*, 151 So. 3d 1229 (Fla. 2014) (table decision). The court granted a petition for emergency suspension that had been previously filed against Lewis and specifically ordered him to, *inter alia*, (1) cease representing any clients after 30 days from the date of the order; (2) withdraw from any representation within 30 days from the date of the order; and (3) immediately furnish a copy of his suspension order to all clients, opposing counsel, and courts before which he was counsel of record. *See id.* at *1. He did not follow these orders in Montas's criminal matter and continued to represent him through the November 24, 2014, sentencing. *See* Objections Ex. A at 9.

This Court construed Montas's May 20, 2015, letter as a motion for the appointment of counsel and granted that motion, appointing an attorney from the Federal Public Defender's Office on June 15, 2015. Case No. 14-20433, ECF No. 144. On June 22, 2015, Montas filed a Notice of Appeal of his conviction in the U.S. Court of Appeals for the Eleventh Circuit. Case No. 14-20433, ECF No. 147.

On December 4, 2015, Montas, *pro* se, filed the instant motion to vacate in this matter, pursuant to 28 U.S.C. § 2255.[1] As grounds, he contends, *inter alia*, that he was denied his Sixth Amendment right to counsel at sentencing because he was represented by an attorney (1) who was involved in disciplinary proceedings before the Florida Bar at the time, and (2) who failed to file a timely notice of appeal on Montas's behalf. *See* Mot. at 5. In his Motion, Montas states, "An Initial Brief [in the Eleventh Circuit] has been filed, however, we don't know if the Court will find it to be untimely. Accordingly, I am filing this § 2255 in the event of my direct appeal being denied." Mot. at 12.

In his Report, the Magistrate Judge determined that Montas's previously filed notice of appeal "divested this Court of jurisdiction to entertain a collateral attack upon the validity of the conviction and sentence." Report at 1 (citing *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995); *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990)). He recommends that the Motion be dismissed without prejudice to refile if it concerns matters appropriate to be raised after the appeal. *See id.* (citing *United States v. Khoury*, 901 F.2d 948, 969 n.20 (11th Cir. 1990); *Shewchun v. United States*, 797 F.2d 941, 941 (11th Cir. 1986) (per curiam) ("It is the general rule of this Circuit that the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal . . . .")). Montas's appointed

---

[1] Under the mailbox rule, a prisoner's *pro se* motion to vacate is deemed filed the date it is delivered to prison authorities for mailing, which is presumed to be the date the prisoner signed the motion. *See Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001).

Assistant Federal Public Defender from his criminal case later entered a notice of appearance on his behalf in this matter, and Montas filed objections to the Report on January 4, 2016. Montas requests that this Court not adopt the Report's recommendation and instead stay these proceedings pending the Eleventh Circuit's ruling on his appeal. *See* Objections.

## II.     DISCUSSION

The principle that a notice of appeal automatically divests a trial court of jurisdiction was "explicitly rejected" by the Fifth Circuit in *United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc), *superseded by statute on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1985), and *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (en banc).[2] *See Khoury*, 901 F.2d at 969 n.20. The Eleventh Circuit has since stated that, "[a]s to the timing of a § 2255 motion, . . . *absent extraordinary circumstances*, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." *United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (per curiam) (emphasis added).

Montas asks this Court to look to *Hilel v. United States*, 444 F. App'x 419 (11th Cir. 2011) (per curiam) ("*Hilel II*"), in considering his Objections. In that case, the petitioner initially appealed the district court's ruling denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. *See United States v. Hilel*, 352 F. App'x 378 (11th Cir. 2009) (per curiam) ("*Hilel I*"). While that appeal was pending, the petitioner filed a § 2255 motion in the district court. The district court judge adopted the magistrate judge's recommendation that the motion should be dismissed without prejudice pending the outcome of the appeal. *See Hilel v. United States*, No. 11-80141, ECF Nos. 4 & 10. The Eleventh Circuit subsequently affirmed the district

---

[2]     The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

court's denial of a new trial. *See Hilel I*, 352 F. App'x at 381-82. On appeal from the dismissal of the § 2255 motion, the panel in *Hilel II* recognized that the filing of a Rule 33 motion for a new trial does not toll the one-year limitations period for filing a § 2255 motion. *See* 444 F. App'x at 420 (citing *Barnes v. United States*, 437 F.3d 1074 (11th Cir. 2006)). The panel and both parties agreed that the district court's dismissal without prejudice of the § 2255 motion "had the effect of a dismissal with prejudice, because of the impact of the § 2255(f)(1) time bar." *Id.* "Given this consequence," the court vacated the district court's dismissal of the § 2255 motion, ruling that the district court "should have stayed proceedings on the § 2255 motion until the Rule 33 proceeding was resolved." *Id.*

A one-year period of limitation applies to a § 2255 motion, and that period runs from, for present purposes, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. . . . For federal prisoners, the time for filing a direct appeal expires [fourteen] days after the written judgment of conviction is entered on the criminal docket." *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam). And "[a]n untimely notice of appeal does not toll the one year limitation contained in § 2255." *Philentrope v. United States*, No. 11-2177, 2011 WL 4913569, at *2 (M.D. Fla. Oct. 14, 2011) (citing *United States v. Smith*, 215 F.3d 1338 (10th Cir. 2000) (table decision); *Staake v. United States*, No. 07-0189, 2007 WL 2050939, at *2 (M.D. Fla. July 16, 2007)); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (holding that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and [§ 2255's] statute of limitation begins to run, on the date on which the time for filing such an appeal expired"); *Romero v. United States*, No. 11-1806, 2011 WL 6026299, at *3 (D. Md. Dec. 2, 2011); *Woods v. United States*, No. 07-0155, 2008 WL 3926450, at *2 (N.D. W. Va. Aug. 20, 2008).

Thus, should the Eleventh Circuit dismiss Montas's appeal as untimely—a decision that, based on a review of the briefs before the court of appeals, is almost certain[3]—the effect of that dismissal will be that the § 2255(f)(1) limitation period will have begun to run fourteen days after this Court entered judgment of conviction on November 24, 2014 (in other words, December 8, 2014), and will have expired on December 8, 2015. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (explaining that the one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," *i.e.*, the same day of the same month in the following year (internal quotation marks omitted)). If and when that transpires, Montas contends, his subsequently refiled § 2255 motion would be automatically time barred. Because of this prejudicial interaction, he urges this Court to follow *Hilel II* and stay the action.

Like the Eleventh Circuit in *Hilel II*, this Court is faced with the potential impact of the § 2255(f)(1) time bar. Should the Court adopt the Magistrate Judge's recommendation in the Report and dismiss the Motion without prejudice as premature, such a dismissal without prejudice will have the effect of a dismissal *with* prejudice as soon as the Eleventh Circuit, as expected, dismisses Montas's untimely filed appeal. *See Hilel II*, 444 F. App'x at 420. The December 8, 2015, filing deadline mandated by § 2255(f)(1) has long passed, and, considering the factual circumstances of the claims at issue in the Motion, the Court believes Montas deserves to have his claims heard on their merits.

---

[3] In its Answer Brief before the Eleventh Circuit, the Government argues that, while the timely filing of a notice of appeal is not a jurisdictional prerequisite to the exercise of appellate jurisdiction, if the government objects to an untimely notice of appeal, the Eleventh Circuit must apply the time limits set forth in the federal rules. *See* Objections Ex. B at 14-16 (citing, e.g., *United States v. Lopez*, 562 F.3d 1309, 1311-13, 1314 (11th Cir. 2009)). And because the rules would provide for, at most, an extension to January 7, 2015, Montas's notice of appeal, which was filed June 22, 2015, is untimely. *See id.* at 16.

In his Reply Brief, Montas acknowledged that the Eleventh Circuit is bound to enforce the time limit in Federal Rule of Appellate Procedure 4 and dismiss his appeal as untimely. *See* Objections Ex. C at 1.

Given the consequence that a dismissal without prejudice would impose, the Court concludes that Montas has shown that extraordinary circumstances exist in this case sufficient to warrant an exception to the general rule governing § 2255 motions filed during a pending appeal, and to justify a stay. Accordingly, the Court declines to adopt the Report and instead shall stay this action until final disposition of his appeal by the Eleventh Circuit.

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [ECF No. 5] is **NOT ADOPTED**. This action shall be **STAYED** pending final disposition of the Movant's appeal before the U.S. Court of Appeals for the Eleventh Circuit.

The action shall be closed administratively during the pendency of the stay.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE